IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| The Indigo Road Hospitality Group, LLC ) | Civil Action No. 2:26-cv-00301-BHH |
| Plaintiff, ) | |
| v. ) | |
| Six Continents Hotels, Inc. ) | |
| Defendant. ) | |

**COMPLAINT**

**(Declaratory Judgment)**

Plaintiff The Indigo Road Hospitality Group, LLC for its complaint against Defendant Six Continents Hotels, Inc. alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

**THE PARTIES**

2.      Plaintiff The Indigo Road Hospitality Group, LLC is a limited liability company formed under the laws of South Carolina with a principal place of business in Charleston, South Carolina (hereinafter "Plaintiff").

3.      Upon information and belief, Defendant Six Continents Hotels, Inc. is a corporation formed under the laws of Delaware with a principal place of business in Atlanta, Georgia (hereinafter "Defendant").

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a), because this matter asserts claims that "aris[e] under the Constitution, laws, or treaties of the United States" or "aris[e] under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks," or are supplemental to such claims.

5. In addition, this Court possesses subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, because it is an action between citizens of states and citizens or subjects of a foreign state, and the amount in controversy that would be the subject of the declaratory judgment requested herein exceeds the sum or value of $75,000.00.

6. Courts of this state may exercise personal jurisdiction over the Defendant because Defendant has sufficient minimum contacts with the state of South Carolina.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, *inter alia,* because a substantial part of the events or omissions giving rise to the claim occurred in this District and because Defendant is subject to personal jurisdiction in South Carolina.

## FACTS

**A.    The Plaintiff:**

8. Plaintiff was formed in 2014 as The Indigo Road Hospitality Group, LLC.

9. The predecessor in interest of Plaintiff for its business of restaurant management services, The Indigo Road, LLC, was formed and began operating in 2009.

10. Plaintiff, and through its subsidiaries, establishes, owns, and manages restaurants located in multiple states of the United States.

11. Plaintiff's restaurant brands include Oak Steakhouse, O-Ku, Indaco, and other brands.

12. Plaintiff is the owner of U. S. Patent and Trademark Registration 5,394,103 for Indigo Road as used to identify restaurant services, filed October 31, 2016, and is incontestable under Lanham Act Section 15  (15 USC § 1065).

13. Plaintiff, and through its subsidiaries, currently manages eight (8) boutique hotels, each identified by a different brand.

14. Plaintiff established a subsidiary to manage hotels in 2019, but in part due to Covid, did not open a hotel until summer of 2021.

15. Plaintiff, and through its subsidiary, provided management service to the property owner prior to the summer of 2021.

16. The hotels currently opened and managed by Plaintiff are branded under the following service marks: The Flat Iron, Hotel Richemont, Rivet House, The George, Skyline Lodge, Snowbird Mountain Lodge, Horseshoe Canyon, and Post House.

17. None of the hotels managed by Plaintiff is branded with a service mark that includes the word "Indigo," nor does Plaintiff seek to do so or intend to do so.

18. The hotels managed by Plaintiff are owned by third parties.

19. Plaintiff believes that it should be able to identify to the public that The Indigo Road Hospitality Group manages the hotels that are branded under the service marks identified in paragraph 15.

**B.     The Defendant:**

20. Upon information and belief, Defendant is a subsidiary of IHG Hotels & Resorts.

21. Upon information and belief, Defendant owns, manages, or franchises hotels under the brands InterContinental, Crowne Plaza, Holiday Inn, Holiday Inn Express, Staybridge Suites, Hotel Indigo, and others.

22. Defendant advertises its affiliation with IHG in connection with its hotel brands.

23. On the Hotel Indigo website, the masthead states "HOTEL INDIGO BY IHG."

24. By way of further example, on the Holiday Inn website and other IHG brand websites, Defendant indicates that the hotels are "BY IHG."

25. Defendant, through its outside counsel, sent Plaintiff a cease-and-desist letter dated January 23, 2026. Exhibit A

26. In the cease-and-desist letter, Defendant's outside counsel stated that "IHG must insist that Indigo Road cease and desist from all use of 'The Indigo Road Hospitality Group' or any other mark or business name incorporating the term 'INDIGO' in connection with hotel, hotel management, hotel franchising, or related services."

27. Defendant has demanded that Plaintiff not indicate to the public that hotels not branded in whole or in part with "Indigo" are managed by The Indigo Road Hospitality Group.

28. Plaintiff disputes Defendant's assertion that Plaintiff's use of its company name "The Indigo Road Hospitality Group" in connection with hotel management infringes Defendant's trademark rights.

29. An actual controversy exists between Plaintiff and Defendant regarding Plaintiff's right to use its company name in connection with hotel management services and whether such use infringes Defendant's trademark rights.

**DECLARATORY JUDGMENT OF RIGHT TO USE COMPANY NAME AND NON-INFRINGEMENT PURSUANT TO 28 USC §2201**

(against Defendant Six Continents Hotels, Inc.)

30.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 26 as if fully set forth herein.

31.   An actual controversy exists between Plaintiff and Defendant regarding their legal rights and obligations.

32.   Defendant has demanded, through its cease-and-desist letter dated January 23, 2026, that Plaintiff cease all use of "The Indigo Road Hospitality Group" or any mark incorporating "INDIGO" in connection with hotel management services.

33.   Plaintiff disputes Defendant's assertion and believes it has the right to use its company name to identify to the public that it manages a hotel that is not branded with or identified by the word Indigo.

34.   This actual controversy creates a reasonable apprehension that Defendant will file suit against Plaintiff for trademark infringement or unfair competition if Plaintiff continues to use its company name in connection with hotel management.

35.   The controversy is within this Court's jurisdiction.

36.   This Court has subject matter jurisdiction over this action pursuant to 28 USC §2201 and 28 USC §1338.

37.   This Court has personal jurisdiction over Defendant as alleged in Paragraph 5.

38.   Plaintiff has standing to seek the Declaration.

39.   Plaintiff is the party whose rights are directly affected by Defendant's cease-and-desist demand.

40. Plaintiff has suffered an injury in fact through Defendant's demand, which threatens Plaintiff's ability to use its company name in connection with its hotel management business.

41. The injury is traceable to Defendant's actions, including the cease-and-desist letter.

42. A favorable decision would redress the injury by declaring Plaintiff's right to use its company name.

43. The Declaration is appropriate and necessary to resolve the dispute.

44. The Declaration is necessary to resolve the dispute between the parties and allow Plaintiff to continue its business operations without the threat of litigation.

45. Without a declaration from this Court, Plaintiff faces uncertainty regarding its right to use its company name and the threat of costly litigation.

46. Plaintiff's use of its company name does not infringe Defendant's trademark rights under 15 USC §1114.

47. Plaintiff uses "The Indigo Road Hospitality Group" as its company name to identify itself as the manager of hotels.

48. The hotels that Plaintiff manages are not branded with the word "Indigo."

49. The hotels that Plaintiff manages are branded under different service marks: The Flat Iron, Hotel Richemont, Rivet House, The George, Skyline Lodge, Snowbird Mountain Lodge, and Post House.

50. Plaintiff's use of its company name is to identify the management company, not to brand the hotels themselves.

51. Defendant, itself, uses company affiliation language, specifically "BY IHG," to identify its relationship with its hotel brands.

52. Defendant's Hotel Indigo website states "HOTEL INDIGO BY IHG."

53. Defendant's other hotel brand websites, including Holiday Inn, indicate that the hotels are "BY IHG."

54. Plaintiff's use of its company name to identify itself as the manager of hotels is analogous to Defendant's use of "BY IHG" to identify its affiliation with its hotel brands.

55. Plaintiff's use of "The Indigo Road Hospitality Group" in connection with hotel management services is not likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Plaintiff with Defendant.

56. The relevant consumers, including hotel guests and industry participants, are unlikely to be confused about the affiliation or sponsorship of the hotels managed by Plaintiff.

57. The hotels managed by Plaintiff are clearly branded under their own distinct service marks that do not include the word "Indigo."

58. Plaintiff's use of its company name does not suggest that the hotels are affiliated with or sponsored by Defendant's Hotel Indigo brand.

59. Despite the fact that Plaintiff and Defendant have coexisted for several years, Defendant has not provided any assertion or evidence of consumer confusion, such as consumer surveys, or other evidence demonstrating likelihood of confusion.

60. Plaintiff's use of its company name does not constitute unfair competition under 15 USC §1125.

61. Plaintiff uses "The Indigo Road Hospitality Group" in commerce in connection with hotel management services.

62. However, Plaintiff's use is not likely to cause confusion, mistake, or deception as to affiliation, connection, association, origin, sponsorship, or approval.

63. As alleged in paragraphs 44 through 55, Plaintiff's use of its company name to identify itself as the manager of hotels that are branded under different service marks is not likely to cause confusion with Defendant's Hotel Indigo brand.

64. Defendant does not use Hotel Indigo to identify management services for other brands of IHG hotels.

65. Plaintiff's use of its company name is a legitimate use of its own business name to identify itself as a provider of hotel management services.

66. Plaintiff has used the designation "Indigo Road" since 2009 and "The Indigo Road Hospitality Group" since 2014 in connection with its hospitality business.

67. Defendant is not injured by Plaintiff's use of its company name.

68. Plaintiff's use of its company name to identify itself as the manager of hotels that are not branded "Indigo" does not harm Defendant's Hotel Indigo brand.

69. Plaintiff's use does not suggest any affiliation with or endorsement by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant as follows:

A. A declaration pursuant to 28 USC §2201 that Plaintiff, The Indigo Road Hospitality Group, LLC, has the right to use its company name "The Indigo Road Hospitality Group" in connection with identifying itself as the manager of hotels and in connection with hotel management services.

B. A declaration pursuant to 28 USC §2201 that Plaintiff's use of "The Indigo Road Hospitality Group" in connection with hotel management services does not infringe Defendant's trademark rights under 15 USC §1114.

C. A declaration pursuant to 28 USC §2201 that Plaintiff's use of "The Indigo Road Hospitality Group" in connection with hotel management services does not constitute unfair competition under 15 USC §1125.

D. An injunction pursuant to 28 USC §2202 prohibiting Defendant from issuing further cease-and-desist letters or threatening legal action against Plaintiff for Plaintiff's use of "The Indigo Road Hospitality Group" in connection with hotel management services.

E. Costs of this action against Defendant.

F. Such other relief as the Court deems just and proper.

G. Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

        Kim, Lahey and Killough Law Firm

        <u>s/B. Craig Killough/</u>
        B. Craig Killough, Esquire
        Fed. ID  2330
        147 Wappoo Creek Drive, Suite 202
        Charleston SC 29412
        (843) 577-9800
        bck@kimandlahey.com

        Barnwell Whaley Patterson & Helms
        Dawes Cooke, Esquire
        Fed ID 288
        211 King Street, Suite 300
        Charleston, SC  29401
        mdc@barnwell-whaley.com

        **ATTORNEYS FOR PLAINTIFF**

January 28, 2026
Charleston, South Carolina