**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| The Indigo Road Hospitality Group, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Six Continents Hotels, Inc.,<br><br>Defendant.<br><br>―――――――――――――――――――<br><br>Six Continents Hotels, Inc. and Six Continents Limited,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>The Indigo Road Hospitality Group, LLC,<br><br>Counterclaim-Defendant. | Civil Action No: 2:26-cv-00301-BHH<br><br>**JURY TRIAL DEMANDED** |

**ANSWER AND COUNTERCLAIMS TO THE
INDIGO ROAD HOSPITALITY GROUP, LLC'S COMPLAINT**

Six Continents Hotels, Inc., part of the IHG Hotels & Resorts group of companies ("IHG") files this Answer and Counterclaims[1] to Plaintiff, The Indigo Road Hospitality Group, LLC's ("Indigo Road") Complaint (Dkt. 1). IHG denies the allegations and characterizations in Indigo Road's Complaint unless expressly admitted in the following numbered paragraphs, which correspond to the numbered paragraphs in the Complaint. Any factual allegation admitted below

―――――――――――

[1] Counterclaim-Plaintiff Six Continents Limited, also part of the IHG Hotels & Resorts group of companies, is not a Defendant in The Indigo Road Hospitality Group, LLC's Complaint.

1

is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that may arguably follow from the admitted facts. IHG denies that Indigo Road is entitled to the relief requested or any other relief.

## NATURE OF THE ACTION

1.     The allegations of Paragraph 1 contain conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

## THE PARTIES

2.     IHG lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies them.

3.     Admitted.

## JURISDICTION AND VENUE

4.     The allegations of Paragraph 4 contain conclusions of law to which no response is required.  To the extent a response is required, IHG admits that the Complaint brings a claim arising under federal law, and thus, the Court has subject matter jurisdiction over this action. Otherwise denied.

5.     The allegations of Paragraph 5 contain conclusions of law to which no response is required.  To the extent a response is required, IHG admits that the Complaint alleges complete diversity of the parties but denies that diversity jurisdiction is necessary to adjudicate Indigo Road's claim, which arises under federal law.

6.     The allegations of Paragraph 6 contain conclusions of law to which no response is required.  To the extent a response is required, IHG does not contest whether personal jurisdiction over it properly lies in this District solely as to this lawsuit.  Otherwise denied.

7.     The allegations of Paragraph 7 contain conclusions of law to which no response is required.  To the extent a response is required, IHG does not contest whether venue is proper solely

as to this lawsuit.  Otherwise denied.

## FACTS

A.     **The Plaintiff:**

8.     IHG lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies them.

9.     IHG lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies them.

10.    IHG lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies them.

11.    IHG lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies them.

12.    IHG admits only that Indigo Road is the record owner of U.S. Registration No. 5,394,103 for the standard character mark INDIGO ROAD for use in connection with "restaurant services" in International Class 43.  The remaining allegations of Paragraph 12 contain conclusions of law to which no response is required.

13.    IHG lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies them.

14.    IHG lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies them.

15.    IHG lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies them.

16.    IHG lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies them.

17.    IHG lacks sufficient information or knowledge to form a belief as to the truth of

the allegations in Paragraph 17 and therefore denies them.

18.     IHG lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies them.

19.     IHG lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies them.

**B.      The Defendant:**

20.     Denied.

21.     Admitted.

22.     IHG admits that "IHG" may appear with its hotel brands in advertising.  Otherwise denied.

23.     IHG admits that "HOTEL INDIGO BY IHG" appears on the HOTEL INDIGO website, www.hotelindigo.com.  Otherwise denied.

24.     IHG admits that "BY IHG" appears on the Holiday Inn website, www.holidayinn.com.  Otherwise denied.

25.     Admitted.

26.     Admitted.

27.     IHG admits that it has demanded that Indigo Road cease and desist from all use in commerce of "The Indigo Road Hotel Group" or any other mark or business name incorporating the term "INDIGO" in connection with hotel, hotel management, hotel franchising, or related services.  Otherwise denied.

28.     IHG lacks sufficient information or knowledge to form a belief as to the truth of what Indigo Road disputes and therefore denies the allegations in Paragraph 28.

29.     The allegations of Paragraph 29 contain conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

4

## DECLARATORY JUDGMENT OF RIGHT TO USE COMPANY NAME AND NON-INFRINGEMENT PURSUANT TO 28 USC § 2201[2]

30.     IHG incorporates its responses to the allegations in Paragraphs 1–29 of the Complaint as though fully set forth herein.

31.     The allegations of Paragraph 31 contain conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

32.     IHG admits that it demanded via its cease-and-desist letter of January 23, 2026, that Plaintiff cease all use in commerce of "The Indigo Road Hospitality Group" or any mark incorporating "INDIGO" in connection with hotel management services.  Otherwise denied.

33.     IHG lacks sufficient information or knowledge to form a belief as to the truth of what Indigo Road disputes or believes and therefore denies the allegations in Paragraph 33.

34.     The allegations of Paragraph 34 contain conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

35.     The allegations of Paragraph 35 contain conclusions of law to which no response is required.  To the extent a response is required, IHG admits that the Complaint brings a claim arising under federal law, and thus, the Court has subject matter jurisdiction over this action.  IHG does not contest whether personal jurisdiction over it properly lies in this District solely as to this lawsuit.  Otherwise denied.

36.     The allegations of Paragraph 36 contain conclusions of law to which no response is required.  To the extent a response is required, IHG admits that the Complaint brings a claim arising under federal law, and thus, the Court has subject matter jurisdiction over this action.  Otherwise denied.

---

[2] IHG repeats this and all headers as they appear in the Complaint for convenience only.  To the extent a response is required to any allegations therein, IHG denies them.

37.    The allegations of Paragraph 37 contain conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

38.    The allegations of Paragraph 38 contain conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

39.    The allegations of Paragraph 39 contain conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    The allegations of Paragraph 43 contain conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

44.    The allegations of Paragraph 44 contain conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

45.    The allegations of Paragraph 45 contain conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

46.    Denied.

47.    IHG admits that Indigo Road's company name is "The Indigo Road Hospitality Group, LLC."  Otherwise denied.

48.    Denied.

49.    IHG admits that Paragraph 49 lists names of hotels that Indigo Road purports to own but denies these hotels are branded solely under the names listed.  Otherwise denied.

50.    Denied.

51.    IHG admits that it has used the phrase "BY IHG" in connection with its hotel

brands.  Otherwise denied.

52.     IHG admits that "HOTEL INDIGO BY IHG" appears on the HOTEL INDIGO website, www.hotelindigo.com.

53.     IHG admits that "BY IHG" appears on the Holiday Inn website, www.holidayinn.com, and may appear on its other hotel brand websites.  Otherwise denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Admitted.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     IHG lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 66 and therefore denies them.

67.     Denied.

68.     Denied.

69.     Denied.

**INDIGO ROAD'S PRAYER FOR RELIEF**

Indigo Road's Prayer for Relief contains no allegations to which a response is required.

To the extent a response is required, IHG denies that Indigo Road is entitled to any relief and denies the allegations contained in Paragraphs A–G of Indigo Road's Prayer for Relief.

## COUNTERCLAIMS

For its counterclaims, Counterclaim-Plaintiffs Six Continents Hotels, Inc. and Six Continents Limited, both part of the IHG Hotels & Resorts group of companies (herein collectively referred to as "IHG"), allege the following against Counterclaim-Defendant The Indigo Road Hospitality Group, LLC ("Indigo Road"):

### PARTIES

1.      Six Continents Hotels, Inc. is a corporation organized and existing under the laws of Delaware, with a principal place of business at Three Ravinia Drive, Suite 100, Atlanta, Georgia 30346.

2.      Six Continents Limited[3] is a limited company organized and existing under the laws of the United Kingdom, with a principal place of business at 1 Windsor Dials Arthur Road, Windsor Berkshire SL4 1RS United Kingdom.

3.      Upon information and belief, Indigo Road is a limited liability company organized and existing under the laws of South Carolina, with a principal place of business at 80 Line Street, Unit A, Charleston, South Carolina 29403.

### JURISDICTION

4.      These Counterclaims seek damages, injunctive relief, and other equitable relief under the trademark laws of the United States, namely the Lanham Act, 15 U.S.C. § 1051, *et seq.* (the "Lanham Act") and under corresponding state and common law claims.

5.      This Court has subject matter jurisdiction at least under 15 U.S.C. § 1121 and

---

[3] While Six Continents Limited is not a defendant in Indigo Road's initial Complaint, IHG believes its inclusion as a Counterclaim-Plaintiff is appropriate under Fed. R. Civ. P. 13(h) and 20 because its counterclaims arise out of the same transaction, occurrence, or series of transactions or occurrences and involve a common question of law or fact.  If the Court requires a motion for the addition of Six Continents Limited as a Counterclaim-Plaintiff, IHG respectfully requests that the Court construe this request as a motion or grant leave to submit one.

28 U.S.C. §§ 1331 and 1338 because these Counterclaims arise under federal trademark law. This Court has supplemental jurisdiction over the remaining Counterclaims pursuant to 28 U.S.C. § 1367(a) because they arise from the same case or controversy.

6.    This Court has personal jurisdiction over Indigo Road because Indigo Road filed this action in this Court and is a South Carolina limited liability company with its principal place of business in Charleston, South Carolina.

7.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Indigo Road resides in this District, a substantial part of the events or omissions giving rise to the claims and counterclaims occurred in this District, and Indigo Road commenced this action in this District.

## FACTS

### *The Established HOTEL INDIGO and IHG Brands*

8.    IHG is one of the world's largest and best-known hotel groups, serving millions of guests each year through a portfolio of twenty-one brands offering a combined 1,011,000 guest rooms across 7,000 hotels around the globe.

9.    IHG and its related entities have developed some of the most recognizable and trusted hotel brands in the world, such as INTERCONTINENTAL, HOLIDAY INN, SIX SENSES, KIMPTON, and HOTEL INDIGO.

10.    Since April 2003, IHG has used its IHG trademark in connection with hotel, hotel management, and a variety of related hospitality services. To protect this valuable brand, IHG has registered numerous standard character and stylized trademarks comprising or containing the IHG trademark, including:

| Reg. No. | Trademark | Reg. Date | Services |
|---|---|---|---|
| 3544074 | IHG | December 9, 2008 | 35: Business management; business advisory and business consultancy services relating to hotel |

| | | | |
|---|---|---|---|
| | | | management and to hotel franchising; hotel management services for others; advertising, marketing, publicity, public relations, promotion services and information services relating thereto, all such services also being provided online form a computer database or from the internet; personnel recruitment, employment hiring and personnel management services; operation and supervision of loyalty programs and incentive programs |
| 4921698 | IHG | March 22, 2016 | 9: Downloadable mobile applications for accommodation reservations and bookings and for providing information on travel, local events, dining, ground transportation, and accommodations; downloadable mobile applications allowing users to post ratings, reviews, and recommendations on events, locations, businesses, services, and activities in the fields of entertainment, travel, tourism, hotels, and restaurants; downloadable mobile applications that enable users to review and manage their loyalty and incentive program accounts 41: Educational services, namely, conducting programs and providing classes, seminars, and workshops in the field of the hospitality industry; nightclubs 43: Hotel services; bar and restaurant services; cocktail lounge services; catering services for the provision of food and drink; provision of conference, meeting, exhibition, and general purpose event facilities; travel and accommodation booking services, namely, making reservations and |

11

| | | | |
|---|---|---|---|
| | | | bookings for temporary lodging; travel booking services, namely, making reservations and bookings for restaurants and meals |
| 7080612 | IHG HOTELS & RESORTS | June 13, 2023 | 43: Bar services; catering services; hotel accommodation services; provision of conference, exhibition and meeting facilities; restaurant services; making reservations and bookings for restaurant and meals; making reservations and bookings for temporary lodging |
| 7999080 | IHG HOTELS & RESORTS | October 28, 2025 | 9: Downloadable software in the nature of a mobile application for accommodations reservations and bookings and for providing information on travel, local events, dining, ground transportation and accommodations; Downloadable software in the nature of a mobile application for users to post ratings, reviews, and recommendations on events, locations, businesses, services, and activities in the fields of entertainment, travel hotels and restaurants; Downloadable software in the nature of a mobile application for enabling users to review and manage their loyalty and incentive program accounts 35: Advertising and business management consultancy; Advertising, marketing and promotion services; Business management; Business management consultancy and advisory services; Employment hiring, recruiting, placement, staffing and career networking services; Personnel recruitment; Business administration of consumer loyalty programs; Providing incentive award programs through issuance and processing of loyalty points for purchase of a company's goods and services 41: Education services, namely, |

12

| | | | providing programs and providing classes, seminars, and workshops in the field of hospitality; Night clubs 43: Catering services for the provision of food and drink; Cocktail lounge services; Hotel accommodation services; Provision of facilities for conferences, exhibitions and meetings; Provision of facilities for exhibitions and conferences; Restaurant and bar services; Travel agency services, namely, making reservations and bookings for restaurants and meals |
|---|---|---|---|

11.     Together, IHG's federal trademark registrations for these marks, along with their corresponding common law rights, are referred to as the "IHG Marks."

12.     IHG uses the IHG Marks standing alone and in conjunction with its hotel brands to signal to consumers that the specific hotel brand is part of IHG's portfolio of hotels.  Through this use in conjunction with its hotel brands, including the HOTEL INDIGO brand, IHG conveys to consumers that the hotel and its affiliated services meet IHG's standards for quality, service, and reliability, regardless of who operates a particular hotel location.  Through its long-term and exclusive use of the IHG Marks, whether standing alone or in conjunction with an IHG-owned brand, IHG has built significant goodwill in the IHG Marks.

13.     IHG has used its HOTEL INDIGO trademark in connection with hotel and related services since at least as early as October 22, 2004, when it opened the first HOTEL INDIGO location in Atlanta, Georgia.  To date, there are over 300 HOTEL INDIGO locations open or in progress in around 45 countries.

14.     IHG's HOTEL INDIGO brand provides guests with heavily curated and upscale environments reflecting the vibrant character of the unique neighborhoods around them.  While each HOTEL INDIGO location has a unique appearance and style, they are united by a common

philosophy: to immerse guests in the spirit of the surrounding community while offering individualized experiences defined by character and comfort.

15.     To protect its valuable brand, IHG has registered and applied for several standard character and stylized trademarks comprising or containing the HOTEL INDIGO trademark, including:

| Reg. No. | Trademark | Reg. Date | Services |
|---|---|---|---|
| 2953309 | HOTEL INDIGO | May 17, 2005 | 43: Hotel services |
| 6278454 | HOTEL INDIGO | Feb. 23, 2021 | 43: Hotel services, motel services, provision of temporary accommodation; temporary accommodation services; reservation services for hotel accommodation and for other temporary accommodation; holiday information and planning relating to accommodation, namely, information services in the field of planning for temporary vacation accommodations; bar services and cocktail lounge rendered in a hotel; café services rendered in a hotel, restaurant and snack bar services rendered in a hotel; catering services rendered in a hotel for the provision of food and drink; provision of conference, meeting and exhibition facilities; hotel check-in and check-out services; electronic information services relating to hotels; advisory and consultancy services relating to the aforesaid |
| 6464068 | HOTEL INDIGO | Aug. 24, 2021 | |
| 6458714 | HOTEL INDIGO | Aug. 24, 2021 | 35: Business advisory services in the field of hotel management, operations, and franchising; franchise services, namely, offering business management assistance in the establishment and operation of hotels; hotel management for others; offering business management assistance in the establishment and/or operation of hotels |

14

| 99019482 | HOTEL INDIGO — BY IHG — | N/A | 43: Hotel accommodation services; Providing temporary accommodation; Hotel catering services; Hotel restaurant services; Provision of facilities for conferences, exhibitions and meetings; Reception services in the nature of managing arrivals and departures of guests in temporary accommodations; Resort lodging services |
|---|---|---|---|
| 3934936 | hotel INDIGO | March 22, 2011 | 43: Hotel services |
| 3929099 | hotel INDIGO | March 8, 2011 | 43: Hotel services |
| 3424795 | hotel INDIGO | May 6, 2008 | 43: Restaurant services rendered in a hotel |

16.     Together, IHG's federal trademark registrations and applications for these marks, along with their corresponding common law rights, are referred to as the "HOTEL INDIGO Marks."

17.     An IHG franchisee operates a HOTEL INDIGO location at 250 Johnnie Dodds Boulevard, Mt. Pleasant, South Carolina 29464, a mere two miles from Indigo Road's Post House hotel at 101 Pitt Street, Mt. Pleasant, South Carolina 29464.  This HOTEL INDIGO location is only four miles from Indigo Road's principal place of business at 80 Line Street, Unit A, Charleston, South Carolina 29403 and its Hotel Richemont at 93 Society Street, Charleston, South Carolina 29401.

### Indigo Road Recruits IHG Employees and Expands into Hotels

18.     Indigo Road is a hospitality group that operates and manages restaurants and boutique hotels throughout the country.  Upon information and belief, Indigo Road was founded in 2009 and operated exclusively in the restaurant space until it launched its first boutique hotel in

15

July 2021.

19.     Upon information and belief, Indigo Road significantly ramped up its hotel business in late 2023 and 2024.

20.     Just like with IHG's HOTEL INDIGO Brand, Indigo Road's hotel marketing heavily emphasizes the character of the property's surrounding neighborhood, promising a unique guest experience tailored to the culture and character of the relevant area.

21.      Indigo Road routinely refers to itself by the acronym IRHG, which differs from IHG's well-known IHG Marks by *only one* letter.

22.     Indigo Road holds itself out as a full-fledged hotel brand, representing the hotel properties it manages as its own hotels.  For example, Indigo Road's official website states that "[a]t The Indigo Road, *our hotels* are designed to be more than just a place to stay . . . ." (emphasis added). *See* **Exhibit A**.

23.     Indigo Road heavily promotes its managed hotel properties and all related hospitality services under the trademarks comprising or including INDIGO, including on its website and social media accounts, the websites and social media accounts of the individual hotel properties, in the guest booking flow when reserving rooms at the relevant properties, and on site at the hotel properties.

24.     To launch its hotel operations, Indigo Road hired two former IHG employees, Mr. Gabriel Perez and Mr. Marcos Oliveira, who now serve as Indigo Road's Chief Operating Officer – Hotels and Director of Lodging Operations, respectively.  Indigo Road promotes Mr. Perez's and Mr. Oliveira's prior experience with IHG on its official website. *See* **Exhibit B**.

25.     Mr. Perez served as the General Manager of the Crowne Plaza South Beach - Z Ocean Hotel in Miami, Florida, an IHG property, through at least November 2021.  He was also

briefly employed at an EVEN Hotel, another IHG brand, located in Pittsburgh, Pennsylvania, for under two weeks in March 2023 while, upon information and belief, he was engaged with Indigo Road. Mr. Oliveira was also an IHG employee and worked with Mr. Perez.

26. Mr. Perez provided professional hotel management services to Indigo Road during his tenure with IHG in October 2021 and used IHG resources to do so, including by at least reviewing and providing comments on a licensing agreement for a hotel property to Larry Spelts, the then-President of Lodging and Lifestyle Adventures for Defendant, Indigo Road. Mr. Perez used his official IHG email account to send his comments on *Defendant's* hotel licensing agreement to Mr. Oliviera's official IHG email account.

27. Upon information and belief, Indigo Road induced or caused Mr. Perez and Mr. Oliveira to provide professional services, institutional knowledge, and competitively sensitive information to its competitive hotel company during their employment with IHG.

28. Upon information and belief, Mr. Perez and Mr. Oliveira did provide such services, institutional knowledge, and competitively sensitive information to Indigo Road during their tenure with IHG.

29. Upon information and belief, Indigo Road is currently in talks to manage additional hotel properties around the country.

30. Indigo Road is actively seeking additional opportunities to manage hotels for major brands, including hotel brands owned by IHG. For example, Mr. Perez held calls with IHG's regional operations team as recently as March and October 2025 to discuss Indigo Road's interest in operating IHG luxury and lifestyle boutique hotels—well after IHG first contacted Indigo Road regarding this trademark dispute.

31.    Upon information and belief, Indigo Road, aka IRHG, has an agreement with an IHG franchisee to operate at least one hotel location under an IHG brand.

### *IHG's Repeated Attempts to Enforce its Trademarks and Protect its Brand*

32.    On July 31, 2024, IHG first notified Indigo Road of the likelihood of confusion between Indigo Road's hotel and hotel management services offered under "The Indigo Road Hospitality Group" and IHG's HOTEL INDIGO Marks via a letter sent to Indigo Road's founder, Steve Palmer, and Mr. Perez.  In this letter, IHG demanded that Indigo Road cease and desist from all use in commerce of marks comprising or containing INDIGO in connection with hotel and hotel management services.

33.    After receiving no response, IHG sent a follow-up letter reiterating its position and demands to Indigo Road on September 16, 2024.

34.    From September 2024 through April 2025, IHG and Indigo Road discussed and worked on a potential resolution of the issue and traded drafts of a settlement agreement.  Indigo Road, however, became unresponsive.

35.    In November 2025, IHG again contacted Indigo Road after seeing an article in *Lodging Magazine* in which Indigo Road discussed its hotel management arm using marketing themes highly similar to those IHG employs in relation to its HOTEL INDIGO brand.

### COUNT I
### (Federal Trademark Infringement, 15 U.S.C. § 1114(1))

36.    IHG repeats the allegations in Paragraphs 1 through 35 as if fully stated herein.

37.    IHG owns the HOTEL INDIGO Marks and the IHG Marks in connection with hotel, hospitality, temporary accommodation, and hotel management services.

38.    The federal trademark registrations for the HOTEL INDIGO Marks and the IHG Marks, some of which are incontestable, are in full force and effect.  IHG and its affiliated entities

18

own all right, title, and interest in and to these federal trademark registrations and the marks contained therein.

39.     The HOTEL INDIGO Marks and the IHG Marks are inherently distinctive and have acquired significant goodwill in the marketplace through IHG's continuous and exclusive use of those marks in commerce.  As a result of their widespread and continuous use, the HOTEL INDIGO Marks and IHG Marks have become uniquely associated in the minds of consumers and the trade with IHG.

40.     The reputation that IHG has built in the HOTEL INDIGO Marks and the IHG Marks is of great value to IHG.

41.     IHG's use of and rights in the HOTEL INDIGO Marks and the IHG Marks predate any use by Indigo Road of marks comprising or containing INDIGO or IRHG.

42.     Indigo Road is wrongfully using INDIGO and IRHG as source identifiers in interstate commerce in connection with the sale, offering for sale, and advertising of its hotel and hotel management services.

43.     Indigo Road's use of INDIGO and IRHG was and is without IHG's consent.  Such unauthorized use by Indigo Road is likely to confuse consumers as to the origin, sponsorship, endorsement, or affiliation of Indigo Road's services in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

44.     Indigo Road's unlawful acts, which were committed and continue to be committed with full knowledge of IHG's prior, registered rights in the HOTEL INDIGO Marks and the IHG Marks, are knowing, willful, and done in bad faith.

45.     Indigo Road's acts have caused and, unless enjoined by this Court pursuant to 15 U.S.C. § 1116, will continue to cause, great harm and irreparable injury to IHG for which it has

19

no adequate remedy at law, including undermining consumers' association of the HOTEL INDIGO Marks and the IHG Marks with IHG.

46.    Indigo Road is actively pursuing opportunities to manage hotels operated under IHG-owned brands, furthering the likelihood of consumer confusion as to the origin, sponsorship, endorsement, or affiliation of Indigo Road's hotel and hotel management services.

47.    IHG is entitled to injunctive relief prohibiting Indigo Road from using any mark comprising or containing INDIGO or any other mark confusingly similar to the HOTEL INDIGO Marks and from using any mark comprising or containing the letters IHG or any other mark confusingly similar to the IHG Marks.

48.    Upon information and belief, Indigo Road has realized unjust profits, gains, and advantages from its unlawful actions, including by making sales under marks comprising or containing INDIGO and IRHG, and has caused IHG monetary damages in an amount to be determined at trial.

## COUNT II
### (False Designation of Origin, 15 U.S.C. §1125(a))

49.    IHG repeats the allegations in Paragraphs 1 through 48 as if fully stated herein.

50.    IHG owns the distinctive HOTEL INDIGO Marks and IHG Marks in connection with hotel, hospitality, temporary accommodations, and hotel management services through its continuous and exclusive use of the marks since at least as early as October 2004 and April 2003, respectively, both of which are well before any use of marks comprising or containing INDIGO or IRHG by Indigo Road.

51.    IHG's common law rights in the HOTEL INDIGO Marks and IHG Marks predate Indigo Road's use of marks comprising or containing INDIGO or IRHG, or any confusingly similar mark or term.

52.    Indigo Road is using marks comprising or containing INDIGO and IRHG as source identifiers in interstate commerce in connection with the sale, offering for sale, and advertising of its hotel and hotel management services, including within close geographic proximity to legitimate IHG-affiliated properties, including a HOTEL INDIGO location.

53.    Indigo Road is actively seeking opportunities to manage and operate hotels under IHG-owned brands, furthering the potential for consumer confusion and harm to IHG.

54.    Indigo Road's actions described above constitute use of a false designation of origin which wrongfully and falsely designates the origin of Indigo Road's services and is likely to cause confusion or mistake and/or to deceive as to affiliation, connection, or association among and between the parties, or as to the origin, sponsorship, or approval of Indigo Road's services by IHG. As such, these actions constitute a false designation of origin in interstate commerce in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

55.    Indigo Road's unlawful acts, which were committed and continue to be committed with full knowledge of IHG's prior rights in the HOTEL INDIGO Marks and the IHG Marks, are knowing, willful, and done in bad faith.

56.    Indigo Road's acts have caused and, unless enjoined by this Court pursuant to 15 U.S.C. § 1116, will continue to cause, great harm and irreparable injury to IHG for which no adequate remedy exists at law, including undermining consumers' association of the HOTEL INDIGO Marks and IHG Marks with IHG.

57.    IHG is entitled to injunctive relief prohibiting Indigo Road from using any mark comprising or containing INDIGO or any other mark confusingly similar to the HOTEL INDIGO Marks and from using any mark comprising or containing the letters IHG or any other mark confusingly similar to the IHG Marks.

21

58.     Upon information and belief, Indigo Road has realized unjust profits, gains, and advantages from its unlawful actions, including by making sales under marks comprising or containing INDIGO and IRHG, and has caused IHG monetary damages in an amount to be determined at trial.

## COUNT III
### (Common Law Trademark Infringement)

59.     IHG repeats the allegations in Paragraphs 1 through 58 as if fully stated herein.

60.     IHG owns and uses the distinctive HOTEL INDIGO Marks and IHG Marks in connection with hotel, hospitality, temporary accommodations, and hotel management services through its continuous and exclusive use of the marks since at least as early as October 2004 and April 2003, respectively, and, in South Carolina specifically, since 2018, all of which are well prior to any use of marks comprising or containing INDIGO or IRHG by Indigo Road in connection with hotels.

61.     IHG's common law rights in the HOTEL INDIGO Marks and IHG Marks predate Indigo Road's infringing use of marks comprising or containing INDIGO or IRHG.

62.     Indigo Road is using marks comprising or containing INDIGO and IRHG as source identifiers in interstate commerce and in the State of South Carolina in connection with the sale, offering for sale, and advertising of its hotel and hotel management services.

63.     Indigo Road's use of marks comprising or containing INDIGO or IRHG was and is without IHG's consent.  Such unauthorized use by Indigo Road is likely to confuse consumers in South Carolina as to the origin, sponsorship, endorsement, or affiliation of Indigo Road's services.  As such, Indigo Road's acts constitute trademark infringement under South Carolina law.

22

64.     Indigo Road's unlawful acts, which were committed and continue to be committed with full knowledge of IHG's prior common law rights in the HOTEL INDIGO Marks and IHG Marks and prominent presence in South Carolina are knowing, willful, and done in bad faith.

65.     Indigo Road's acts have caused and, unless enjoined by this Court, will continue to cause great harm and irreparable injury to IHG for which it has no adequate remedy at law, including undermining consumers' association of the HOTEL INDIGO Marks and IHG Marks with IHG.

66.     IHG is entitled to injunctive relief prohibiting Indigo Road from using marks comprising or incorporating INDIGO or any other mark confusingly similar to the HOTEL INDIGO Marks and from using any mark comprising or containing the letters IHG or any other mark confusingly similar to the IHG Marks.

67.     Upon information and belief, Indigo Road has realized unjust profits, gains, and advantages from its unlawful actions, including by making sales under marks comprising or containing INDIGO and IRHG, and has caused IHG monetary damage in an amount to be determined at trial.

**COUNT IV**
**(South Carolina Unfair Trade Practices Act, S.C. Code § 39–5–10, *et seq.*)**

68.     IHG repeats the allegations in Paragraphs 1 through 67 as if fully stated herein.

69.     By engaging in the activities set forth above, Indigo Road has engaged in activities that create a likelihood of confusion, mistake, or deception among consumers between IHG's hotels operated under the HOTEL INDIGO Marks and IHG Marks and Indigo Road's restaurants and hotels.

70. Upon information and belief, Indigo Road has been and is engaged in knowing and willful deceptive acts or practices in the conduct of a business, trade, or commerce, in violation of the South Carolina Unfair Trade Practices Act, S.C. Code § 39–5–10, *et seq*.

71. Upon information and belief, through such deceptive acts, Indigo Road has engaged in consumer-directed conduct that has affected the public interest of South Carolina and resulted in injury to consumers and harm to the public in South Carolina.

72. Upon information and belief, Indigo Road's conduct is willful and in knowing disregard of IHG's rights.

73. Indigo Road has refused to cease these deceptive acts or practices after IHG repeatedly demanded that Indigo Road do so, and thus, on information and belief, Indigo Road will continue its unlawful use of the HOTEL INDIGO Marks and IHG Marks absent court intervention.

74. Indigo Road's wrongful acts alleged herein adversely affect the public interest because such acts have the potential for repetition.

75. Because of Indigo Road's acts alleged herein, IHG has suffered, is suffering, and unless Indigo Road is restrained, will continue to suffer irreparable injury for which IHG has no adequate remedy at law.

76. IHG is entitled to injunctive relief prohibiting Indigo Road from using marks comprising or incorporating INDIGO or any other mark confusingly similar to the HOTEL INDIGO Marks and from using any mark comprising or containing the letters IHG or any other mark confusingly similar to the IHG Marks.

**PRAYER FOR RELIEF**

WHEREFORE, IHG asks this Court to enter judgment in IHG's favor and against Indigo Road by granting the following relief:

A.    That the Court enter judgment in favor of IHG, including injunctive relief, and against Indigo Road, on all claims for relief asserted in these Counterclaims and in Indigo Road's Complaint;

B.    That the Court enter judgment determining that Indigo Road infringed IHG's registered HOTEL INDIGO Marks and IHG Marks under 15 U.S.C. § 1114;

C.    That the Court enter judgment determining that Indigo Road committed acts of false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

D.    That the Court enter judgment determining that Indigo Road infringed IHG's common law rights in the HOTEL INDIGO Marks and IHG Marks;

E.    That the Court enter judgment determining that Indigo Road committed unfair trade practices under S.C. Code § 39–5–10, *et seq.*;

F.    That the Court grant an injunction permanently enjoining and restraining Indigo Road, its officers, agents, representatives, employees, and those persons acting in concert or participation with Indigo Road from:

    i.    using "The Indigo Road Hospitality Group" or any other mark or business name comprising or containing the term "INDIGO" in connection with hotel, hotel management, hotel franchising, or related services;

    ii.    using "IRHG" or any other mark or business name comprising or containing the letters "IHG" or a confusingly similar term in connection with hotel, hotel management, hotel franchising, or related services;

25

iii.     doing any other act likely to cause confusion or mistake or to deceive consumers into believing, mistakenly, that Indigo Road's services are sponsored, licensed, endorsed, or approved by IHG, or are in some way affiliated, connected, or associated with IHG; or

iv.     causing a likelihood of confusion or injury to IHG's business reputation.

G.     That the Court issue an order directing Indigo Road, pursuant to 15 U.S.C. § 1116(a) to file with the Court and serve on IHG within thirty (30) days after service of an injunction order as requested herein, a report in writing under oath setting forth in detail the manner and form in which they have complied with the Court's order;

H.     That the Court require Indigo Road to account for and pay over to IHG all gains, profits, and advantages derived from its acts of infringement and other unlawful conduct, as alleged herein, and all damages sustained by IHG as a result of Indigo Road's acts of infringement and other unlawful conduct;

I.     That IHG's damages be trebled;

J.     That the Court award IHG all costs, including attorneys' fees, pursuant to 15 U.S.C. § 1117, S.C. Code § 39–6–140, and/or as otherwise allowable by statute or other law;

K.     That IHG be granted pre-judgment and post-judgment interest on the damages caused by Indigo Road; and

L.     That the Court grant IHG such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, IHG hereby demands trial by jury on all issues triable of right by a jury.

Dated:  May 5, 2026                              Respectfully submitted,

By:   *s/ Brian C. Duffy*
            Brian C. Duffy (Fed. ID No. 9491)
            DUFFY & YOUNG, LLC
            96 Broad Street
            Charleston, SC 29401
            T: (843) 720-2044
            F: (843) 720-2047
            bduffy@duffyandyoung.com

            Christopher O. Green (*pro hac vice forthcoming*)
            FISH & RICHARDSON P.C.
            1180 Peachtree St. NE, 21st Floor
            Atlanta, GA 30309
            T: (404) 892-5005
            F: (404) 892-5002
            cgreen@fr.com

            Kristen McCallion (*pro hac vice forthcoming*)
            FISH & RICHARDSON P.C.
            7 Times Square, 20th Floor
            New York, NY 10036
            T: (212) 765-5070
            F: (212) 258-2291
            mccallion@fr.com

            Nathan C. Ranns (*pro hac vice forthcoming*)
            FISH & RICHARDSON P.C.
            1000 Maine Ave. SW
            Washington, DC 20024
            T: (202) 783-5070
            F: (202) 783-2331
            ranns@fr.com

            Shelby E. Farrand (*pro hac vice forthcoming*)
            FISH & RICHARDSON P.C.
            909 Fannin Street, Suite 2100
            Houston, TX 77010

T: (713) 654-5300
F: (713) 652-0109
sfarrand@fr.com

*Attorneys for Defendant/Counterclaim-Plaintiff Six Continent Hotels, Inc. and Counterclaim-Plaintiff Six Continents Limited*